My name is Terrence Kellogg. I represent Patrick Holsworth, the appellant in this matter. I wish to reserve three minutes. I don't think I'm going to use all of my time because this is a very simple case procedurally. There's not a lot of detail as far as transcripts or record. I think really we're looking for guidance from this court as to whether or not our approach to asking for judicial review of Mr. Holsworth's situation was within bounds. Whether or not it was... That brings me to a procedural question. What was the jurisdictional basis for the district court to consider your motion at all? Well, I think that that was not something that Judge Peckman relied upon. It's something that the government has asserted. But jurisdiction is always in play. Even at this point, we need to determine whether or not the district court had jurisdiction over the matter. I think that the fact that the district court had relatively recently ordered a modification of supervised release, the government now contends that that was a mistake and an error, shows that the court was continuing exercise of jurisdiction over Mr. Holsworth under this particular cause number. That's why we applied for this relief under this cause number. That's why Judge Peckman had the case assigned to her. In 2003, she entered that order with Mr. Holsworth's agreement that his conditions of release would be modified. In more direct answer, if the court finds that there was no jurisdiction for the district court to rule, so be it. There's nothing more that I can say to that. I cannot point to anything other than the fact that under this cause number in this district, this sentence continued to cause the parole board to believe that it had the authority to exercise jurisdiction was a question which should have been entertained by the court. And that's all we were asking the court to do. And instead, Judge Peckman did not say we don't have jurisdiction. I don't have jurisdiction. What Judge Peckman said is Mr. Holsworth has waived any argument to challenge his sentence. And then she went on to say, I don't believe that the Sentencing Reform Act limited the authority of the parole board, when quite clearly it did. We're talking about a very narrow range of time subsequent to the effective date of the Sentencing Reform Act, where in this circuit it was believed to be unconstitutional. There couldn't be too many people like Mr. Holsworth that the parole board asserts jurisdiction under those instances. Although it doesn't appear in the briefing and certainly was not before Judge Peckman, the government has been more successful than I have been in determining what the current status of Mr. Holsworth is. He met with a representative of the parole board in December, I believe in Oklahoma City. He's presently in Texas. The recommendation to the parole board from the member that met with him is that he be released March 8, next month, assuming that he has an appropriate parole plan. So Mr. Holsworth, as a result of the parole board exercise of authority, has approximately eight months' additional sentence, in addition to the time that Judge Zille imposed as a result of the new conviction, which was in large part the basis for the revocation. In addition, Mr. Holsworth had his straight time taken away from him, so his new effective release date under the parole board is in 2017. The parole board presently is scheduled to go out of existence in November of 2011. Given the five times that their authority has been extended, I think that we can only anticipate that they will remain in existence beyond 2011, which I think is a factor to be considered in determining the appropriateness of finding that Mr. Holsworth, as Judge Peckman did, weighed any ability to argue that the parole board's exercise of authority over him is to be questioned, because Holsworth should have been entitled to rely upon the laws in existence at that time, including the laws which would, at that time, during the time that he was incarcerated, before initially being paroled, call for the parole board to go out of existence. We agree that this is a unique and unusual case, and we appreciate any direction or guidance that the court may be able to provide us. I think that it's, at this point, speculating to assume that the parole board will approve any release plan or that Mr. Holsworth will be released imminently, although that's certainly our hope. May it please the Court, my name is Helen Bruner. I'm an Assistant United States Attorney for the Western District of Washington, here to represent the United States. I guess counsel and I would agree that this is perhaps one of the more unusual cases that certainly I've had the opportunity to brief, and I spent a good deal of time trying to find any case that fit the facts or even was analogous, but at least my research skills did not show any. I think the question here really is, when a defendant was sentenced under an old law sentence at a time when this court had certainly suggested that that was the appropriate sentence, having found the sentencing guidelines to be unconstitutional, and where that defendant did not seek resentencing, which he could have, I mean there's no doubt that Mestreda was applied retroactively, and did not seek resentencing, I'm sure, because it was not to his benefit whether he should now be able, without really citing any jurisdictional basis, to come back before the court and seek to get out from under the parole board's jurisdiction. How did he move to dismiss on the basis of a lack of jurisdiction in the district court? Your Honor, I think we did raise, perhaps not as directly as we should have, the jurisdictional question. We certainly pointed out that he did not raise a jurisdictional basis except for Rule 47, which obviously does not provide jurisdiction, and that Mr. Halsworth did not file either a direct appeal or a 2255. It is one of those cases where I have now sort of, in preparation for this argument in particular, and certainly in writing the briefs, thought about how could he raise this question, could he raise this question now, whether or not he could challenge, for example, there's no doubt he could come before the court to challenge the actions of the parole board, I think, if he filed an action under 2241. He didn't do that. Ironically, he was in this district at the time this motion was filed, so I don't want to mislead the court in that regard. So I suppose if the court had construed it as a 2241, maybe that's possible. He certainly couldn't raise this as a Rededita Corella, and he's still in custody, so quorum novis doesn't lie. I think, quite frankly, the issue here at the end of the day is he chose not to challenge, I think, because it's quite clear as a result of the Oregon case, which was a guidelines sentence, having been sentenced right after Mistretta in Oregon, that he knew he was going to be a career offender, he knew that his sentence would be four years longer, and now we are here later. This meant 22 years later looking at the equities of this case. I'm not clear, Esther, your answer to Judge Rawlinson. Your Honor, I mean to be blunt. Do you remember the questions he asked you? I do, and to be blunt. No, did you raise the issue, and if not, why not? To be blunt, I did not praise this as a motion to dismiss. Why not? I think because I was confused as to what to do with it, to be perfectly honest with the court. This is perhaps. That's the best answer you can give. You know, there's no other excuse for it if it comes down to that. Mr. Kellogg is, in fact, correct, though. I did manage to check with the Parole Commission, and to the extent that the court is interested in where they are, they have made the recommendation that Mr. Hallsworth be released on March 8th of 2010, so in one month and three days. Having concluded that the appropriate recommendation is a 29-month sentence, but giving him credit for the time that he served on the new sentence for Judge Silley and taking away his street time, which would mean that he would be on parole, by my calculation, anyway, four years longer than the three years of supervised release that he's facing as a result of Judge Silley's sentence. Your Honor, I don't know if there's any questions that the court has of me, but that is the best that I can do to sort of provide the court with at least my view of where we are. Okay. Thank you. Mr. Kellogg. Thank you. By way of rebuttal and summary overview, this was a troubling case because we were dealing with an issue where the parole board, quite clearly under the Sentence Reform Act, did not have the power to decide Mr. Hallsworth's fate. Procedurally, how do we raise that? And the briefs address, as has counsel for the government this morning, how we had no really appropriate avenues other than what we did, which was petition the district court to deal with this issue. Our view of this was that it was a new application of authority for the parole board to take this action. So we looked at it as new and different for them to attempt to take Mr. Hallsworth back into custody and control his destiny. We hope that he's going to be released in a month. We don't know. He's still going to be under the jurisdiction of the parole board. And, quote, clearly under Mestreda and under the Sentence Reform Act, the parole board had no authority, given the date of his conviction, to do anything with him. And that's what we asked Judge Peckman to do. Her response was, he's waived it. And I think that that's the real issue here. Thank you. Interesting case. I think both of you did the best you could with a case that's kind of in a place we're not familiar with. Okay. United States v. Hallsworth together. Thank you.
judges: Alarcon, Fletcher W. , Rawlinson